IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES EVERS REED, #22973                                   PLAINTIFF

VS.                                           CIVIL ACTION NO. 4:08cv137-LRA

CHRISTOPHER EPPS, ET AL                                DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 28th day of February, 2009, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. Charles Evers Reed [hereinafter "Plaintiff"] appeared *pro se;* Defendant Ron Williams was represented by attorney Pelecia E. Hall; and Defendants Sandra Atwood and Warden Dale Caskey were represented by attorney Lee Thaggard, Meridian, Mississippi.

The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
>     (1) is frivolous, malicious, or fails to state a claim upon which relief
>     may be granted; or

1

> (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

### 1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff has been incarcerated in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ["CMCF"] in Meridian, Mississippi, since he was transferred there from Parchman on February 13, 2008. At the time of his transfer, Plaintiff weighed approximately 230 pounds. He had suffered from bleeding hemorrhoids while at Parchman, but he was properly treated for them by the prison doctor while there. In March, 2008, Plaintiff again began suffering from painful bleeding hemorrhoids. He filled out sick call requests and complained to the medical supervisor, Defendant Atwood. He requested to be examined by a medical doctor, and she refused to allow such an examination. He filled out numerous sick call requests for treatment, but Defendant Atwood "deliberately denied" all of his requests. He lost seventy pounds in one month due to his condition.

In May, 2008, he informed his counselor, Ms. Shaundon, that he could not attend class due to his medical condition. He hoped that Ms. Shaundon would get Ms. Atwood to let him see a physician. Instead, he was given an RVR for missing the class.

On June 27, 2008, at about 5:30 a.m., Plaintiff blacked out in his cell after having bled most of the night due to his hemorrhoids. Other inmates, Marcus Williams and Raphael McKinley, picked him up and took him to the medical unit. They laid him on the floor, where he remained for thirty minutes. He asked inmate Travis Evers to help him to the bathroom, and he bleed profusely while sitting on the commode. After that, Nurse Easton directed that he be taken to the hospital. He heard her say "I won't lose my license over this!"

He was transported to the Rush Foundation Hospital and treated by physicians. He was then sent back to EMCF and saw no physician while there. He caught a disease because he was not treated properly. Plaintiff stated that he was rushed back to the hospital on June 28th, and a specialist was recommended, Dr. Kevin Ward. Again, on July 8, 2008, he was transferred to the hospital and examined by Dr. Ward. Dr. Ward directed that he be provided with Ensure milk drink, Double bag, and high fiber food trays. He underwent surgery on his hemorrhoids on July 17, 2008. Had he been treated correctly, the surgery would not have been necessary. Dr. Ward also ordered that he be given pain pills and a certain cream. However, Defendant Atwood denied him everything that was ordered.

According to Plaintiff, his brother, Abraham Reed, Jr., died while incarcerated at EMCF. Once Plaintiff arrived there, he started looking into his brother's death. One

3

inmate told him that Defendant Atwood would kick his brother in the head, and he did die of brain injury.  Plaintiff believes Defendant Atwood's actions against him are purposeful, and she has deliberately denied him medical care.  In document number 14, Plaintiff alleges that his brother died at EMCF on January 29, 2006, due to not getting proper medical treatment.  That document does not refer to his brother being kicked in the head.  Dr. Ward has called Defendant Atwood and asked her what the problem was with his medical instructions.  He believes that Defendant Atwood falsifies medical reports.  He has filed emergency ARPs and sent them to the law library.  They have not been processed.

According to Plaintiff, he wrote Defendant Warden Caskey and put him on notice of his medical condition.  Plaintiff asked why Defendant Atwood could override a doctor's orders.  Defendant Caskey did not respond to his letter.  Plaintiff also wrote and appealed to Defendant Ron William, the MDOC contract monitor at EMCF, asking that he try to get Defendant Atwood to provide him with the medical care he needs.  Defendant Williams failed to help him, although he is responsible for making sure that all inmate complaints are addressed.

### 2. **DISCOVERY ISSUES and PENDING MOTIONS**

In the event that a trial is scheduled in this case, defense counsel shall provide authenticated copies of Plaintiff's medical records and his MDOC file and disciplinary file to the Court at least thirty days prior to trial.  Copies shall be tendered to Plaintiff at the same time.

Plaintiff requests the Court to appoint him counsel to represent him in this conditions of confinement action brought pursuant to 42 U.S.C. §1983 [#14]. There is no automatic right to counsel in a §1983 action, and unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. **Cupit v. Jones**, 835 F.2d 82, 86 (5th Cir. 1987). *See also* **Castro Romero v. Becken**, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases); **Branch v. Cole**, 686 F.2d 264, 266 (5th Cir. 1982) (same). This Court has specifically considered (1) the type and complexity of this case; (2) whether Plaintiff is capable of adequately presenting his case; (3) whether Plaintiff is in a position to adequately investigate the case; and, (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses. **Ulmer v. Chancellor**, 691 F.2d 209, 212-213 (5th Cir. 1982).

Plaintiff has alleged that the medical care he received in EMCF was constitutionally inadequate, and that Defendant Atwood purposely denied him proper care. Claims such as these are fairly common among §1983 cases, and the Court is familiar with the applicable law. The claims are simple and straightforward and involve no complex theory of law which would require legal skills to develop. A review of the file in this case, including the pleadings, confirms that Plaintiff is capable of presenting the instant claims with limited assistance from the Court. Further, Plaintiff was articulate at the omnibus hearing; he was able to explain his claims to the Court. Plaintiff can obviously read and write. If a trial is conducted, the Court will be certain that Plaintiff's witnesses are brought

to trial, and that the documents he needs are provided. The Court finds no exceptional circumstances which would justify appointing free counsel in this case. His motion to appoint counsel [#14] is HEREBY DENIED.

Plaintiff has requested to amend his complaint [#10]. The Court considered his requests to include MRS. CHRISTY COVERT, MRS. MERRIAN CARMICHAEL, MS. TRACY SANDERS, and MR. CHRISTOPHER EPPS as Defendants. However, the complaints against these additional Defendants concern matters which happened after suit was filed, and it would be preferable if a separate suit were filed. Further, there is no indication that he has exhausted his ARP remedies as to the new claims. Accordingly, his motion to amend [#10] is HEREBY DENIED.

Plaintiff requested that copies of his pleadings be sent to the opposite parties [#38]. Counsel of record have access to these documents, and the motion is DENIED as moot. Plaintiff's motion for a hearing [#9] and motion for a preliminary injunction [#15] are DENIED as moot. Plaintiff has requested that subpoenas issue for certain documents and things [#12 & 17]. The motion is premature, as no hearing in this case has been set. The motions are HEREBY DENIED without prejudice.

Plaintiff filed a motion to compel [#36], alleging that defense counsel Lee Thaggard obtained his medical records and took out and hid various portions of the records. Before any medical records are admitted into evidence, the records must be authenticated as true and correct copies. It is possible that Mr. Thaggard did not pay Rush Hospital for copies of x-rays to be duplicated, and this is an acceptable procedure. The x-ray reports are the only documents necessary, as the actual x-rays have little meaning to non-

medical personnel.   Plaintiff's motion to compel is HEREBY DENIED.  Mr. Thaggard shall provide copies of these medical records to Plaintiff at the appropriate time and certify as to whether or not the copies are complete.

Plaintiff has recently filed a motion for a temporary restraining order [#42], contending that he was assaulted by Warden Grimes on July 14, 2009.  Warden Grimes is a non-party, and if Plaintiff chooses to do so, he must file a separate suit against Warden Grimes for any retaliatory actions taken by him after the instant lawsuit was filed. Defendants have been ordered to respond to the motion on or before August 10, 2009. The Court will enter an Order on this motion thereafter.

There are no other discovery matters pending at this time, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Federal Rules of Civil Procedure 26(b)(1).

**3.**        **TRIAL WITNESSES**

Plaintiff requested that thirty-nine persons be brought to trial to testify on his behalf, including physicians and other health care professionals, MDOC officials, and prisoners. The Court explained to Plaintiff that the burden and expense of requiring all of these persons to come to Jackson for a trial is prohibitive.  Plaintiff was asked to select three inmate witnesses, and he chose the following:

1. RAPHAEL MCKINLEY, EMCF
2. MARCUS WILLIAMS, EMCF

3. TERRENCE BOYD

If a trial is conducted in this cause, these inmate witnesses will be brought to testify on his behalf, if they are still incarcerated in the care of the Mississippi Department of Corrections. Plaintiff may choose three employees of EMCF or MDOC as witnesses, and defense counsel will be directed to secure their presence voluntarily at any trial to be conducted in this cause. Unless Plaintiff has the funds to secure the presence of the medical professionals at trial, it may be necessary for the Court to utilize the authenticated medical records in lieu of live testimony.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness. The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

**4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order. Pursuant to the consent of the parties, by Order [#31] filed February 20, 2009, District Judge Tom S. Lee assigned this case for all purposes to the undersigned Magistrate Judge.

IT IS, THEREFORE, ORDERED:

1. Any motions, dispositive or non-dispositive, shall be filed on or before October 23, 2009.

2. The motions set forth above, numbers 9, 10, 12, 14, 15, 17, 36, and 38 are hereby GRANTED and/or DENIED for the reasons set forth herein. Motion number 42 is taken under advisement by the Court until such time as Defendants have filed a written response.

SO ORDERED, this the 4th day of August, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE