IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLES EVERS REED, #22973**                                                  **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 4:08cv137-LRA**

**SANDRA ATWOOD, RON WILLIAMS,**
**AND DALE CASKEY**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Charles Evers Reed [hereinafter "Plaintiff"], *pro se*, Lee Thaggard, counsel for Sandra Atwood and Dale Caskey, and Pelicia Hall, counsel for Ron Williams [hereinafter "Defendants"], appeared before the undersigned United States Magistrate Judge on the 18th day of February, 2009 for an omnibus hearing. This hearing was scheduled to insure the just determination of this pro se prisoner litigation. On December 30, 2009, Defendants Sandra Atwood and Dale Caskey filed a Motion for Summary Judgment [document number 56]. On January 4, 2010, Defendant Ron Williams filed a Motion for Summary Judgment [document number 58]. These motions are now before the Court.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [document number 30] entered by District Judge Tom S. Lee on February 20, 2009.

Under Federal Rule of Civil Procedure 56, summary judgment is only appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

1

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). This language requires the "entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Having carefully reviewed the complaint, the sworn testimony of Plaintiff, the Motions for Summary Judgment and their accompanying exhibits, as well as the applicable law, the Court finds that Plaintiff's claims are insufficient in law to state a cause of action under §1983. Further, there is no genuine issue as to any material fact, and Defendants are entitled to judgment as a matter of law. Accordingly, Plaintiff's complaint will be dismissed for the reasons set forth below.

Defendants Atwood and Caskey have attached to the motion as "Exhibit 4" a copy of the transcript from the omnibus hearing [exhibit 4, document number 56]. The complaint and testimony confirm that Plaintiff is a convicted inmate who was formerly housed at the East Mississippi Correctional Facility ("EMCF"). Defendant Sandra Atwood is a Registered Nurse and the Health Services Administrator for EMCF [exhibit 1, document number 56]. Defendant Dale Caskey is the Senior Warden of EMCF [exhibit 3, document number 56]. Defendant Ron Williams is employed by the Mississippi Department of Corrections as Contract Compliance Officer at EMCF [exhibit 1, document number 58].

According to Plaintiff's complaint and testimony, he developed a hemorrhoid condition two years prior to his transfer to EMCF in February of 2008. Beginning with his initial

complaint regarding his hemorrhoid condition on March 18, 2008, Plaintiff submitted several requests to see a physician. Plaintiff contends that each of his requests was deliberately denied by Defendant Nurse Sandra Atwood, who instead prescribed him suppositories, a fiber diet, and other conservative treatments. As a result of his lack of treatment by a medical doctor, Plaintiff alleges that his hemorrhoid condition worsened. He claims that the severity of his condition prevented him from eating, sleeping, or attending class. He further claims that he lost approximately seventy pounds in one month.

According to Plaintiff, he was rushed to Rush Foundation Hospital on June 26, 2008, after losing consciousness as a result of his hemorrhoid condition. On June 27, 2008, Dr. Paul Varela performed a colonoscopy exam on Plaintiff. On July 8, 2008, Plaintiff was examined by Dr. Kevin Ward. Dr. Ward's physical consult report indicated that Plaintiff had a very small amount of hemorrhoid disease and recommended surgery to remove Plaintiff's internal hemorrhoids. On July 17, 2008, Dr. Ward performed a hemorrhoidectomy on Plaintiff. Dr. Ward prescribed Proctofoam, Ensure shakes with meals, and Lortab. Following his surgery, Plaintiff claims that Defendant Atwood failed to provide him with any of the items prescribed by Dr. Ward. Plaintiff testified that due to his medical care he currently walks with a limp, but no longer suffers from a hemorrhoid condition.

Plaintiff charges that Defendant Sandra Atwood violated his constitutional rights by denying him access to a doctor. He contends that the conservative medical care that he received under Defendant Sandra Atwood was inadequate. He further contends that Defendant Sandra Atwood did not adhere to Dr. Ward's orders regarding his hemorrhoid treatment and that it took twenty days for him to receive medication prescribed by Dr. Ward after surgery. Plaintiff asserts

3

that Defendant Atwood's conduct constitutes deliberate indifference to his hemorrhoid condition. Defendants Atwood and Caskey have included certified copies of Plaintiff's medical records [exhibits 1 & 2, documents 59 & 60]. Those copies of medical records confirm Plaintiff's testimony that he was treated for his hemorrhoid condition on a continuous basis. Whether Defendants' actions constitute deliberate indifference and whether Plaintiff's treatment was constitutionally adequate are the questions before the Court.

Deliberate indifference to a prisoner's serious medical needs is an actionable Eighth Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). In order to establish that a delay in medical care violated the Eighth Amendment, the prisoner must show that there has been deliberate indifference, which results in substantial harm. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999). The standard for finding "deliberate indifference is a subjective inquiry." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), cited in *Lawson v. Dallas County*, 286 F.3d 257 (5th Cir. 2002). Plaintiff must show that the prison officials were actually aware of the risk of harm to Plaintiff, yet consciously disregarded or ignored it. *Id.*

In *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence

4

> that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

463 F.3d at 346 (citations and footnotes omitted).

The medical evidence submitted by the parties confirm that Plaintiff was provided conservative, non-surgical treatment for his hemorrhoid condition between March 2008, when he initially complained about his hemorrhoids, and June 2008. In June and July of 2008, Plaintiff was seen by three medical doctors for an examination, treatment, colonoscopy exam, and hemorrhoidectomy. Finally, Plaintiff was provided with consistent follow-up care after his surgery which included, in part, medicines and medical examinations. The Court finds that this regular treatment prevents any finding that Plaintiff was being mistreated or that Defendant Sandra Atwood acted with subjective deliberate indifference. Case law from the Fifth Circuit confirms that Plaintiff is not entitled to his *choice* of treatments. *Gobert*, 463 F.3d at 346; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). To the extent that Plaintiff argues that he should have been initially treated and seen by a physician rather than a nurse, federal courts in the Fifth Circuit have concluded that such claims do not implicate the Constitution. *See e.g., Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998) (citing *Mayweather v. Foti*, 958 F.2d at 93.)

Plaintiff concedes that he no longer suffers from hemorrhoid problems; thus, any delay in his medical care did not result in "substantial harm," as required to state a cause of action under §1983. Accordingly, Plaintiff's claims against Defendant Sandra Atwood are dismissed with prejudice.

In regard to Defendant Dale Caskey, Plaintiff claims that he wrote to Defendant Caskey in May and June of 2008 to report the medical care provided by Defendant Sandra Atwood. Plaintiff asserts that Defendant Caskey failed to address his alleged lack of medical care and this failure violated his constitutional rights. Plaintiff similarly claims that he wrote to Defendant Ron Williams on August 25, 2008, about Defendant Atwood's denial of medical prescriptions and that his complaint was ignored. Plaintiff contends that Defendant Williams' inaction violated his constitutional rights.

Defendants Caskey and Williams contend that Plaintiff's attempts to hold them liable under a theory of vicarious liability must fail. The Court agrees. It is well settled that there is no supervisory or respondeat superior liability under § 1983. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Furthermore, under Fifth Circuit precedent, an individual defendant must have either been personally involved in the alleged violation or responsible for the policy or practice that caused the constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

The affidavit of Defendant Dale Caskey confirms that he has overall supervisory responsibility for the operation of the EMCF to include the approval of its written policies. [exhibit 3, document number 56]. The affidavit of Defendant Ron Williams confirms that he ensures that EMCF provides medical care under the contract with the Mississippi Department of Corrections. [exhibit 1, document number 58]. According to the affidavits, which have not been disputed, neither Defendant makes decisions regarding the appropriate medical care for inmates. Therefore, Defendants Dale Caskey and Ron Williams were not personally involved in Plaintiff's alleged deprivation or responsible for the policy that gave rise to Plaintiff's claim.

Plaintiff's claims against Defendants Dale Caskey and Ron Williams are dismissed with prejudice.

Any allegation that Defendants Caskey and Williams directly violated the Eighth Amendment by denying Plaintiff adequate medical care must also fail. As established above, Plaintiff received regular medical treatment and no substantial harm resulted.

Defendant Ron Williams contends that he is entitled to qualified immunity from suit. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert,* 463 F.3d at 345. To overcome the immunity, a plaintiff must allege the violation of a clearly established federal constitutional or statutory right and the defendant's conduct must have been objectively unreasonable in light of clearly established law. *Thompson v. Upshur County,* 245 F. 3d 447, 457 (5th Cir. 2001). *See also Pearson v. Calhoun*, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (indicating that the *Saucier* protocol, 533 U.S. 194, which requires courts to (1) decide whether the plaintiff has alleged a constitutional violation and (2) decide whether the right at issue was clearly established at the time of defendant's alleged misconduct, is not mandatory, rather lowers courts may decide which of the two prongs should be addressed first in light of the facts in each particular case).

As discussed above, Plaintiff has alleged no constitutional violation under applicable law as he was provided with regular medical care. Plaintiff simply disagrees with the care that he received. Accordingly, "there is no necessity for further inquiries concerning qualified

7

immunity." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Defendant Ron Williams is immune from this suit and should be dismissed.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice, and a Final Judgment in favor of Defendants shall be entered on this date.

IT IS SO ORDERED, this the 4th day of August, 2010.

/S Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE